IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

FILED
MAY 16 2008
[signature] CLERK

| | |
|---|---|
| SUPER 8 WORLDWIDE, INC., f/k/a Super 8 Motels, Inc., a South Dakota Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>VIP ASSOCIATES, INC.<br>Serve Glen R. Abel at:<br>16055 Caputo Dr., Suite F<br>Morgan Hill, CA 95037<br><br>CHANDRAKANT PATEL<br>May be served at:<br>25660 Boots Rd.<br>Monterey, CA 93940<br><br>NATWARBHAI V. PATEL<br>May be served at:<br>23710 Spectacular Bid Lane<br>Monterey, CA 93940<br><br>And<br><br>JAGDISH PATEL<br>May be served at:<br>23710 Spectacular Bid Lane<br>Monterey, CA 93940<br><br>Defendants. | Case No. 08-1008 |

## COMPLAINT

Plaintiff Super 8 Worldwide, Inc. ("SWI"), formerly known as Super 8 Motels, Inc., by and through counsel, Armstrong Teasdale LLP, complaining of defendants VIP Associates, Inc. ("VIP"), Chandrakant Patel, Natwarbhai V. Patel and Jagdish Patel, respectfully states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff SWI is a corporation organized and existing under the laws of the State of South Dakota, with its principal place of business in Parsippany, New Jersey.

2. Defendant VIP, on information and belief, is a dissolved corporation that was organized under the laws of California, with its principal place of business at 470 Camino El Estero, Suite B, Monterey, California 93940.

3. Defendant Chandrakant Patel, on information and belief, is a principal of VIP and a citizen of the State of California, residing at 25660 Boots Rd., Monterey, California 93940.

4. Defendant Natwarbhai V. Patel, on information and belief, is a principal of VIP and a citizen of the State of California, residing at 23710 Spectacular Bid Lane, Monterey, California 93940.

5. Defendant Jagdish Patel, on information and belief, is a principal of VIP and a citizen of the State of California, residing at 23710 Spectacular Bid Lane, Monterey, California 93940.

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, in that the plaintiff and all the defendants are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

7. This Court has personal jurisdiction over the defendants because they transacted business in the State of South Dakota. Moreover, pursuant to paragraph FOURTEENTH of the Franchise Agreement by and between SWI and VIP, the parties "stipulated that this Agreement has been negotiated in part within the State of South Dakota and shall be construed according to the laws of that State and the United States."

8. Venue is proper by virtue of, among other things, paragraph FIFTEENTH of the Franchise Agreement, in which the parties agreed that a portion of the franchise activities took place in Aberdeen, Brown County, South Dakota. Moreover, the Franchisee consented that "all

litigation by or between the parties . . . shall be commenced and maintained either in the . . . State of South Dakota in Brown County or the United States District Court, Northern Division."

## ALLEGATIONS COMMON TO ALL COUNTS
### The Agreement Between The Parties

9. On or about September 7, 1989, SWI entered into a Franchise Agreement ("Franchise Agreement") with VIP for the operation of a 48-room guest lodging facility located at 2050 N. Fremont Street, Monterey, California 93940, Site No. 03130 – 15127 -1 (the "Facility"). A true copy of the Franchise Agreement is attached hereto as Exhibit 1.

10. The Franchise Agreement was executed on behalf of VIP by Chandrakant Patel, Jagdish V. Patel, and Natwarbhai V. Patel.

11. Pursuant to paragraph FIRST of the Franchise Agreement, VIP was obligated to operate a Super 8® guest lodging facility for a 20-year term.

12. Pursuant to paragraph THIRD (B) of the Franchise Agreement, VIP was required to make certain periodic payments to SWI for royalties, taxes, interest, advertising fees, and other fees (collectively, "Recurring Fees").

13. Pursuant to paragraph THIRD (L) of the Franchise Agreement, VIP was required to prepare and submit monthly reports to SWI disclosing, among other things, the amount of gross room revenue earned by VIP at the Facility in the preceding month for purposes of establishing the amount of Recurring Fees due to SWI.

14. Pursuant to paragraph EIGHTEENTH of the Franchise Agreement, VIP agreed to maintain at the Facility accurate financial information, including books, records, and accounts

relating to the gross room revenue of the Facility. VIP agreed to allow SWI to examine, audit, and make copies of the entries in these books, records, and accounts.

15. Pursuant to paragraph SIXTH (C) of the Franchise Agreement, VIP agreed that, in the event of a termination of the Franchise Agreement, it would pay liquidated damages to SWI in accordance with a formula specified in the Franchise Agreement.

16. Pursuant to paragraph SIXTH (B) of the Franchise Agreement, SWI could terminate the Franchise Agreement, with notice to VIP, for various reasons, including (a) failure to pay any amount due to SWI under the Franchise Agreement, and/or (b) failure to remedy any other default within 30 days after receipt of written notice from SWI specifying one or more defaults under the Franchise Agreement.

17. Paragraph SIXTH (C) set liquidated damages for the Facility (having less than five years remaining on the franchise term) at $173,818.36. Pursuant to said paragraph of the agreement, this sum was "determined by computing the average monthly payments over the last twelve (12) months and multiplying said sum by the number of months remaining in said franchise term."

18. Pursuant to paragraph THIRD (B) of the Franchise Agreement, all sums payable bear interest at the rate of eighteen percent (18%) per annum from and after the 30th day after such payment is due.

19. Pursuant to paragraphs SIXTH (C) and SEVENTH (E) of the Franchise Agreement, VIP agreed to pay all attorneys fees and expenses incurred by SWI in the enforcing the Franchise Agreement.

20. Effective as of the date of the Franchise Agreement, Chandrakant Patel, Jagdish Patel and Natwarbhai Patel provided SWI with a Guaranty of VIP's obligations under the Franchise Agreement ("Guaranty"). A true copy of the Guaranty is attached hereto as Exhibit 2.

21. Pursuant to the terms of the Guaranty, Chandrakant Patel, Jagdish Patel and Natwarbhai Patel agreed, among other things, that upon a default under the Franchise Agreement, they would immediately make each payment and perform or cause to be performed each obligation required of Licensee under the Franchise Agreement.

22. Pursuant to the terms of the Guaranty, Chandrakant Patel, Jagdish Patel and Natwarbhai Patel agreed to pay the costs and expenses, including reasonable attorneys' fees, incurred by SWI in collecting under the Guaranty.

### The Defendants' Defaults and Termination

23. On or about January 17, 2006, VIP prematurely terminated the Franchise Agreement by ceasing to operate the Facility as a Super 8 guest lodging facility.

24. On January 17, 2006, Natwarbhai, acting for and on behalf of VIP, sent SWI a letter providing:

> We would like to proceed with terminating our license agreement with Super 8 Corporation.
>
> We understand that our current agreement expires in 2009, however we would like to terminate the agreement effective immediately.

A true copy of the letter is attached hereto as Exhibit 3.

25. By letter dated March 2, 2006, a true copy of which is attached hereto as Exhibit 4, SWI acknowledged the termination of the Franchise Agreement and advised VIP that it was required to pay to SWI as liquidated damages for premature termination the sum of $173,818.36

as required under the Franchise Agreement, and all outstanding Recurring Fees through the date of termination.

26. By letter dated June 30, 2006, a true copy of which is attached as Exhibit 5, SWI reiterated VIP's obligations under the Franchise Agreement, including payment of liquidated damages for premature termination.

27. Payment has been demanded and has not been made.

### FIRST COUNT

28. SWI repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 27 of the Complaint.

29. On or about January 17, 2006, VIP prematurely terminated the Franchise Agreement by ceasing to operate the Facility as a Super 8 guest lodging facility.

30. Paragraph SIXTH (C) of the Franchise Agreement provides that, in the event of termination of the Franchise Agreement due to action of the Licensee, VIP shall immediately pay liquidated damages to SWI.

31. As a result of the termination of the Franchise Agreement, VIP is obligated to pay SWI liquidated damages in the amount of $173,818.36, as calculated pursuant to paragraph SIXTH (C) of the Franchise Agreement.

32. Notwithstanding SWI's demand for payment, VIP has failed to pay SWI the liquidated damages as required in paragraph SIXTH (C) of the Franchise Agreement.

33. SWI has been damaged by VIP's failure to pay liquidated damages.

WHEREFORE, SWI demands judgment against VIP for liquidated damages in the amount of $173,818.36, together with interest, attorneys' fees and costs of suit.

## SECOND COUNT

34. SWI repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 33 of the Complaint.

35. By virtue of the premature termination of the Franchise Agreement, SWI sustained a loss of future revenue over the remainder of the 20-year term of the Franchise Agreement.

36. If the Court determines that VIP is not liable to pay SWI liquidated damages as required by paragraph SIXTH (C) of the Franchise Agreement then, in the alternative, VIP is liable to SWI for actual damages for the premature termination of the Franchise Agreement.

37. SWI has been damaged by VIP's breach of its obligation to operate a Super 8 guest lodging facility for the remaining term of the Franchise Agreement.

WHEREFORE, SWI demands judgment against VIP for actual damages in an amount to be determined at trial, together with interest, attorneys' fees and costs of suit.

## THIRD COUNT

38. SWI repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 37 of the Complaint.

39. Pursuant to the terms of the Guaranty, Chandrakant Patel, Natwarbhai Patel and Jagdish Patel agreed, among other things, that upon a default under the Franchise Agreement,

they would immediately make each payment and perform each obligation required of VIP under the Franchise Agreement.

40. Despite their obligation to do so, Chandrakant Patel, Jagdish Patel and Natwarbhai Patel have failed to make any payments or perform or cause VIP to perform each obligation required under the Franchise Agreement.

41. Pursuant to the Guaranty, Chandrakant Patel, Natwarbhai Patel and Jagdish Patel are liable to SWI for VIP's liquidated damages in the amount of $173,818.36, or actual damages in an amount to be determined at trial, and VIP's Recurring Fees due and owing under the Franchise Agreement.

WHEREFORE, SWI demands judgment against Chandrakant Patel, Natwarbhai Patel and Jagdish Patel for damages in the amount of all liquidated or actual damages and Recurring Fees due and owing under the Franchise Agreement, together with interest, attorneys' fees and costs of suit.

Respectfully submitted,

ARMSTRONG TEASDALE LLP

BY: _____
Edward R. Spalty    MO# 26086
Teresa Cauwels     SD#  3466
Dione C. Greene    MO#58781
2345 Grand Boulevard, Suite 2000
Kansas City, Missouri 64108-2617
(816) 221-3420
(816) 221-0786 (facsimile)